UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS SHIPLEY,<br><br>               Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>               Defendant. | Civil No. 07cv1589-L(JMA)<br><br>**ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

      This action to recover for personal injury was brought pursuant to the Federal Tort Claims Act ("FTCA"). Plaintiff was injured by a drunk driver on federally-owned property and seeks to recover from the United States for the alleged negligence of a park ranger. Defendant filed a motion for summary judgment arguing that under California law the park ranger did not owe Plaintiff a duty of reasonable care relative to the conduct of a third party, and alternatively, that Defendant is immune pursuant to California Civil Code Section 846. Plaintiff opposed the motion and Defendant replied. For the reasons which follow, the motion is **DENIED WITHOUT PREJUDICE**.

      Rule 56 of Federal Rules of Civil Procedure governs the parties' burdens on summary judgment. Rule 56(c) empowers the court to enter summary judgment on factually unsupported claims or defenses, and thereby "secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 327 (1986). Summary judgment is

appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 919 (9th Cir. 2001). When a defendant moves for summary adjudication of plaintiff's claims, as is the case here, the moving party can meet its burden by pointing out the absence of evidence from the nonmoving party. *See Celotex*, 477 U.S. at 325; *see also Garneau v. City of Seattle*, 147 F.3d 802, 807 (9th Cir. 1998). If the movant meets his burden, the burden shifts to the nonmovant to show summary adjudication is not appropriate. *Celotex*, 477 U.S. at 317, 324. The nonmovant must go beyond the pleadings to designate specific facts showing there are genuine factual issues which "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). In considering the motion, the nonmovant's evidence is to be believed and all justifiable inferences are to be drawn in his favor. *Id.* at 255.

This is not the usual case where each side describes the incident differently. The material facts are undisputed. On New Year's Eve in 2004 Plaintiff and his friends went to the Imperial Sand Dunes Recreation Area, located on public lands managed by the Bureau of Land Management ("BLM"), for a long weekend of off-roading and partying. Plaintiff and his friends, including Dean Rowe and Jason McCarty, drank alcohol on the day of the incident. A truck driven by Mr. Rowe was pulled over by Richard Smith, a BLM Ranger on patrol. Ranger Smith cited Mr. Rowe for driving while in possession of an open container of alcohol. He then asked if anyone else in the truck could drive, and Mr. McCarty replaced Mr. Rowe at the steering wheel. Ranger Smith did not instruct Mr. McCarty to drive, he did not verify Mr. McCarty's sobriety, and did not check his background. Mr. McCarty had a driver's license restriction due to several prior convictions for driving under the influence. He drove the truck back to the camp and spent approximately 10 to 15 minutes parked with the engine running. Shortly thereafter, Mr. McCarty ran over Plaintiff with the truck, causing Plaintiff serious injuries. At the time of the accident, Mr. McCarty had a blood alcohol level in excess of the

/ / / / /

1  legal limit.  While the particulars of how it happened that Plaintiff was run over are disputed,
2  this is not material to the legal issues presented by Defendant's motion.

3  The United States, as a sovereign entity, is immune from suit unless it has consented to be
4  sued by waiving its sovereign immunity.  *United States v. Mitchell*, 463 U.S. 206, 212 (1983).
5  The terms of the waiver determine the scope of the court's jurisdiction to hear the case.  *United*
6  *States v. Sherwood*, 312 U.S. 584, 586-87 (1941).  The waiver of sovereign immunity is strictly
7  construed.  *Honda v. Clark*, 386 U.S. 484, 501 (1967); *Sherwood*, 312 U.S. at 587.  The FTCA
8  waives sovereign immunity for claims based on negligent or wrongful acts of federal
9  government employees where a claim would exist under state law, if the government were a
10 private party.  28 U.S.C. §§ 1346(b), 2671-80.  The substantive law of the state where the
11 alleged tort occurred governs.  *Id*. § 1346(b)(1); *see Yanez v. United States*, 63 F.3d 870, 872
12 (9th Cir. 1995).  The United States is liable under the FTCA "in the same manner and to the
13 same extent as a private individual under like circumstances."  28 U.S.C. § 2674.  This means
14 that "the United States waives sovereign immunity under circumstances where local law would
15 make a *private person* liable in tort."  *United States v. Olson*, 546 U.S. 43, 44 (2005) (internal
16 quotation marks omitted, emphasis in original).

17 To prevail on a negligence claim against Defendant, Plaintiff must show "that defendant
18 owed [him] a legal duty, that defendant[] breached that duty, and that the breach proximately
19 caused [plaintiff's] injuries."  *Wiener v. Southcoast Childcare Ctrs.*, 32 Cal.4th 1138, 1145
20 (2004).  Defendant argues that summary judgment should be granted in its favor because the it
21 did not owe Plaintiff a legal duty.  The existence of a duty is a question of law.  *Id.* at 1146.

22 "As a general rule, one owes no duty to control the conduct of another, nor to warn those
23 endangered by such conduct.  Such a duty may arise, however, if (a) a special relation exists
24 between the actor and the third person which imposes a duty upon the actor to control the third
25 person's conduct, or (b) a special relation exists between the actor and the other which gives the
26 other a right to protection."  *Davidson v. Westminster*, 32 Cal.3d 197, 203 (1982) (internal
27 quotation marks and citations omitted).  Defendant contends that no special relationship exists in
28 / / / / /

this case. (Def.'s Mem. of P.&A. at 5-6, 8.) Plaintiff disputes this assertion in light of Ranger Smith's actions. (Opp'n at 4.)

Plaintiff argues that Defendant owed him a legal duty under the negligent entrustment doctrine because the Ranger let Mr. McCarty drive. (Opp'n at 3-4.) The court disagrees. Only an owner can negligently entrust a vehicle to a third party. *See Williams v. Saga Enters., Inc.*, 225 Cal. App. 3d 142, 155 (1990); *Mettelka v. Super. Ct. (Greco)*, 173 Cal. App. 3d 1245 (1985). Because neither Defendant nor Ranger Smith owned the truck involved in the accident, they could not have negligently entrusted it to Mr. McCarty. Therefore, Plaintiff's negligent entrustment argument is without merit.

Next Plaintiff argues that a special relationship exists because Ranger Smith's actions increased risk of harm to Plaintiff. A special relationship exists in the case of a "volunteer who, having no initial duty to do so, undertakes to come to the aid of another – the 'good Samaritan.' He is under a duty to exercise due care in performance and is liable if (a) his failure to exercise such care increases the risk of such harm, or (b) the harm is suffered because of the other's reliance upon the undertaking." *Williams v. California*, 34 Cal.3d 18, 23 (1983); *see also Williams v. Saga Enters., Inc.*, 225 Cal. App. 3d 142, 151-52 (1990). The same rule applies to private persons and law enforcement officers. *Williams v. California*, 34 Cal.3d at 24; *Zelig v. County of Los Angeles*, 27 Cal.4th 1112, 1128 (2002). Accordingly, liability may be imposed if the person "voluntarily assumes a duty to provide a particular level of protection, and then fails to do so, or if [he] undertakes affirmative acts that increase the risk of harm to the plaintiff." *Zelig*, 27 Cal. 4th at 1129. Whether the defendant's conduct changed the risk which would have existed in his or her absence is a relevant consideration in determining whether there was a legal duty. *See Davidson*, 32 Cal.3d at 208.

Plaintiff argues that Ranger Smith's refusal to allow Mr. Rowe to continue driving to the camp increased the risk of harm to Plaintiff. In the reply brief, Defendant correctly notes that "stopping to aid a motorist does not, in itself, create a special relationship." (*See* Reply at 3, citing *Williams v. California*, 34 Cal.3d at 21.) However Defendant does not dispute Plaintiff's argument that Ranger Smith increased the risk of harm to Plaintiff.

1    Last, a special relationship can arise between a landowner and person coming on the land. 6 B.E Witkin, Summary of Cal. Law § 1049.  Neither party has raised this issue.  It is undisputed that the accident occurred on Defendant's land, that both parties directly involved in the accident where on the land for purposes of off-roading, and that the land was open to the public for this purpose.  The owner of the premises "has a duty of care to protect patrons from the reasonably foreseeable criminal or tortious conduct of third persons."  *Cantwell v. Peppermill, Inc.*, 25 Cal. App. 4th 1797, 1801 (1994).

Based on the foregoing, Defendant has not met its burden on its summary judgment motion to show that it did not owe a legal duty to Plaintiff.  This ruling is without prejudice to the parties raising the issue of legal duty on a further summary judgment motion, provided that they thoroughly brief the relevant issues.

Defendant also argues alternatively that the recreational use immunity pursuant to California Civil Code Section 846 bars liability as a matter of law.  In an analogous case pending before the Ninth Circuit, the same immunity issue was certified to the California Supreme Court because "no clear controlling California precedent exists."  *Klein v. United States*, 537 F.3d 1027, 1028, 1030-32 (9th Cir. 2008).  According to the docket in that case, the California Supreme Court has not yet decided the certified question.  The court therefore declines to address Defendant's argument at this time.  Defendant may raise the issue again in a summary judgment motion after the California Supreme Court has decided the issue.

Defendant's motion to summary judgment is **DENIED** without prejudice.

**IT IS SO ORDERED**.

DATED:  May 19, 2009

M. James Lorenz
United States District Court Judge

HON. JAN M. ADLER
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL