UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS SHIPLEY,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Civil No. 07cv1589-L(JMA)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION** |

  This action to recover for personal injury was brought pursuant to the Federal Tort Claims Act ("FTCA"). Plaintiff was injured by a drunk driver on federally-owned land and seeks to recover from the United States for the alleged negligence of a park ranger. Defendant filed a motion to dismiss for lack of subject matter jurisdiction arguing that it is immune from suit pursuant to the discretionary function exception and, alternatively, a motion for summary judgment arguing that under California law the park ranger was not negligent. Plaintiff opposed the motions and Defendant replied. For the reasons which follow, Defendant's motion to dismiss for lack of subject matter jurisdiction is **GRANTED**.

  The federal court is one of limited jurisdiction. *See Gould v. Mutual Life Ins. Co. of N.Y.*, 790 F.2d 769, 774 (9th Cir. 1986). It possesses only that power authorized by the Constitution or a statute. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). A federal court must satisfy itself of its jurisdiction over the subject matter before proceeding to the merits

of the case. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577, 583 (1999). Accordingly, the court first considers the jurisdictional issue.

It is undisputed that on New Year's Eve in 2004 Plaintiff and his friends went to the Imperial Sand Dunes Recreation Area, located on public lands managed by the Bureau of Land Management ("BLM"), for a long weekend of off-roading and partying. Plaintiff and his friends, including Dean Rowe and Jason McCarty, drank alcohol on the day of the incident. A truck driven by Mr. Rowe was pulled over by Richard Smith, a BLM Ranger on patrol. Ranger Smith cited Mr. Rowe for driving while in possession of an open container of alcohol. He then asked if anyone else in the truck could drive, and Mr. McCarty replaced Mr. Rowe at the steering wheel. Ranger Smith did not instruct Mr. McCarty to drive, he did not verify Mr. McCarty's sobriety, and did not check his background. Mr. McCarty had a driver's license restriction due to several prior convictions for driving under the influence. He drove the truck back to the camp and spent approximately 10 to 15 minutes parked with the engine running. Shortly thereafter, Mr. McCarty ran over Plaintiff with the truck, causing Plaintiff serious injuries. At the time of the accident, Mr. McCarty had a blood alcohol level in excess of the legal limit. While the particulars of how it happened that Plaintiff was run over are disputed, this is not material to the legal issues presented by Defendant's motion.

The United States, as a sovereign entity, is immune from suit unless it has consented to be sued by waiving its sovereign immunity. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). The terms of the waiver determine the scope of the court's jurisdiction to hear the case. *United States v. Sherwood*, 312 U.S. 584, 586-87 (1941). The waiver of sovereign immunity is strictly construed. *Honda v. Clark*, 386 U.S. 484, 501 (1967); *Sherwood*, 312 U.S. at 587. The FTCA waives sovereign immunity for claims based on negligent or wrongful acts of federal government employees where a claim would exist under state law, if the government were a private party. 28 U.S.C. §§ 1346(b), 2671-80.

The FTCA includes a number of exceptions to the waiver of sovereign immunity, including the discretionary function exception. *Terbush v. United States*, 516 F.3d 1125, 1129 (9th Cir. 2008). This exception provides immunity from suit for "[a]ny claim . . . based upon the

exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a); *Terbush*, 516 F.3d at 1129. "Where the exception applies, the court lacks subject matter jurisdiction." *Kelly v. United States*, 241 F.3d 755, 760 (9th Cir. 2001). The burden of proving that the discretionary function exception applies is on the defendant. *Vickers v. Untied States*, 228 F.3d 944, 950 (9th Cir. 2000).

"The discretionary function exception marks the boundary between Congress' willingness to impose tort liability on the United States and the desire to protect certain decision-making from judicial second-guessing." *Conrad v. United States*, 447 F.3d 760, 764 (9th Cir. 2006). Its purpose is "to prevent judicial second-guessing of legislative and administrative decisions grounded in social, economic, and political policy through the medium of action in tort." *Id.* quoting *Untied States v. Varig Airlines*, 467 U.S. 797, 814 (1984). "Therefore the discretionary function exception will apply if the discretionary decision made is a permissible exercise of policy judgment." *Conrad*, 447 F.3d at 765.

A two-step analysis determines whether the discretionary function exception applies. *See Berkovitz v. United States*, 486 U.S. 531, 536-37 (1988).

> First, we must determine whether the challenged actions involve an element of judgment or choice. This inquiry looks at the nature of the conduct, rather than the status of the actor and the discretionary element is not met where a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow. If there is such a statute or policy directing mandatory and specific action, the inquiry comes to an end because there can be no element of discretion when an employee has no rightful option but to adhere to the directive. [¶] When a specific course of action is not prescribed, however, an element of choice or judgment is likely involved in the decision or action.

*Terbush*, 516 F.3d at 1129 (internal citations and quotation marks omitted).

Defendant points to the applicable Law Enforcement General Orders (*see* Decl. of Morgan Troy Bolen ("Bolen Decl.")) to argue that Ranger Smith's actions after citing Mr. Rowe for driving while in possession of an open container of alcohol were not prescribed by any statute, regulation or policy. The two relevant agency regulations are BLM General Order No. 22, "Vehicle Stops and Pursuits," and Chapter IX of the BLM Law Enforcement Operations Handbook, titled "Law Enforcement Vehicle Operations." (*Id.* Ex. A & B.) Both regulations

provide guidelines for vehicle stops and set forth some mandatory requirements, but they do not impose a mandatory duty to investigate passengers after the driver is cited. Ranger Smith therefore had no mandatory duty to investigate whether Mr. McCarty was fit to drive or check his driving history. "There are no policies or mandatory requirements which would have dictated that Ranger Smith carry out the traffic stop any differently than he did." (Bolen Decl. at 2.) Plaintiff does not dispute this, but concedes that "some element of decision making was involved . . .." (Opp'n at 4.) Based on the undisputed facts of the case and the language of the pertinent Law Enforcement General Orders, Ranger Smith had to exercise his judgment to determine how to proceed after citing Mr. Rowe. The first requirement to apply the discretionary function exception is therefore satisfied.

> Upon determining that the first step of the analysis is met, the court must consider whether that judgment is of the kind that the discretionary function exception was designed to shield, namely, only governmental actions and decisions based on considerations of public policy. Public policy has been understood to include decisions grounded in social, economic, or political policy.

*Terbush*, 516 F.3d at 1129 (internal citations and quotation marks omitted). "[I]t is the nature of the conduct, rather than the status of the actor, that governs whether the discretionary function exception applies in a given case." *United States v. Gaubert*, 499 U.S. 315, 325 (1991) (internal quotation marks and citation omitted).

> Instead of a rigid dichotomy between "planning" and "operational" decisions and activities, the Court in *Gaubert* adopted a different rule: "if a regulation allows the employee discretion, the very existence of the regulation creates a strong presumption that a discretionary act authorized by the regulation involves consideration of the same policies which led to the promulgation of the regulations." Thus, "[w]hen established governmental policy, as express or implied by statute, regulation, or agency guidelines, allows a Government agent to exercise discretion, it must be presumed that the agent's acts are grounded in policy when exercising that discretion." [¶] . . . The Court clarified, "[t]he focus of the inquiry is not on the agent's subjective intent in exercising the discretion conferred by statute or regulation, but on the nature of the actions taken and on whether they are susceptible to policy analysis."

*Terbush*, 516 F.3d at 1130, quoting *Gaubert*, 499 U.S. at 324, 325.

Without addressing the presumption that Ranger Smith's acts were grounded in policy when exercising his judgment after citing Rowe, Plaintiff argues that his exercise of discretion

4

07cv1589

did not involve the kind of judgment which the discretionary function exception was intended to shield. The court disagrees. Even without the presumption, Ranger Smith's challenged conduct involved the type of policy judgment protected by the discretionary function exception.

The decisions of front-line law enforcement officers are not necessarily excluded from discretionary functions. *See Gaubert*, 499 U.S. at 325 (status of the actor does not govern whether the exception applies). For example, a law enforcement agent's decision when to arrest a suspect and present him for arraignment was held within the discretionary function exception. *Conrad*, 760 F.3d at 765-67.

This case arises out of Ranger Smith's alleged failure to investigate the status of the vehicle's passenger after the driver had been cited, and prevent possible drunk driving by that passenger. Generally, "discretionary function exception protects agency decisions concerning the scope and manner of investigation so long as the agency does not violate a mandatory directive."[1] *Vickers*, 228 F.3d at 951. Same applies to front-line law enforcement officers' decisions regarding the scope and manner of an investigation. *See Alfrey v. United States*, 276 F.3d 557, 565-67 (9th Cir. 2002) (scope and manner of investigating a threat by a prison inmate against his cellmate, including scope and manner of cell search).[2] As in *Alfrey*, Ranger Smith's decision not to investigate McCarty's fitness to drive and his driving history is susceptible to policy analysis. The decision involves a balancing of considerations such as public safety, availability of law enforcement resources for the investigation such as allocation of officer time

---

[1] Plaintiff does not argue that there was a mandatory directive to investigate in this case.

[2] Although *Alfrey* addresses the distinction between policy judgment and occupational or professional judgment, it acknowledges that the involvement of such judgment in a decision alone "does not remove the decision[] from the realm of policy-based judgment[]." 276 F.3d at 566. "Courts have been reluctant to create formulaic categories," *Terbush*, 516 F.3d at 1129, and instead required "particularized analysis of the specific agency action challenged," *GATX/Airlog Co. v. United States*, 286 F.3d 1168, 1174 (9th Cir. 2002). "The Supreme Court underscored this point in *Gaubert*, when it rejected a bright line between planning and operational functions." *Terbush*, 516 F.3d at 1130. "[I]it is the nature of the conduct rather than the status of the actor, that governs whether the discretionary function applies in a given case." *Gaubert*, 499 U.S. at 325 (internal quotation marks and citations omitted). The fact that, as in *Alfrey*, Ranger Smith's actions here surely were informed by his professional training and experience, is therefore not determinative whether the exception applies.

and availability of background check databases, and McCarty's constitutional rights. This type of decision making is grounded in social and economic policy. *See Alfrey*, 276 F.3d at 565. Because Ranger Smith's judgment was the kind that the discretionary function exception was designed to shield, Defendant is immune from suit and this action is outside the court's jurisdiction.

Based on the foregoing, Defendant's motion to dismiss is **GRANTED**. This action is **DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**.

**IT IS SO ORDERED**.

DATED: July 15, 2010

M. James Lorenz
United States District Court Judge

HON. JAN M. ADLER
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL